J-A20038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN S. WILSONCROFT | : | |
| | : | |
| Appellant | : | No. 1723 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 18, 2019
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000577-2013

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED NOVEMBER 30, 2020

Ryan S. Wilsoncroft ("Wilsoncroft") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Wilsoncroft's counsel, Mark A. Wallisch, Esquire ("Attorney Wallisch"), has filed an Application to Withdraw as Counsel, and a brief pursuant to Anders v. California, 368 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We grant Attorney Wallisch's Application to Withdraw, and affirm Wilsoncroft's judgment of sentence.

On the morning of September 7, 2011, Wilsoncroft and Brett Middleton ("Middleton") entered the Hometown Drug Pharmacy (the "Pharmacy") located at 311 Main Street, Brockway Borough, Jefferson County, Pennsylvania. At that time, Wilsoncroft and Middleton threatened the Pharmacy employees with a revolver, then tied them up, and demanded all of

the Pharmacy's narcotics. During the robbery, one of the employees was struck in the head with the revolver. Wilsoncroft was subsequently charged with robbery and related offenses.

On February 5, 2014, Wilsoncroft entered a negotiated guilty plea to one count of robbery.[1] Wilsoncroft and the Commonwealth agreed to a negotiated sentence of 31 to 60 months in prison followed by 10 years of probation. In exchange, the remaining offenses were nolle prossed. On the same date, the trial court accepted Wilsoncroft's guilty plea and Wilsoncroft proceeded immediately to sentencing.

The trial court sentenced Wilsoncroft, in accordance with the plea agreement, to a period of 31 to 60 months in prison followed by 10 years of probation, plus fines, costs, and restitution totaling $16,803.54.

On September 29, 2018, Wilsoncroft was released from prison. At that time, Wilsoncroft entered into a payment plan with the Jefferson County Adult Probation Department ("Probation Department") to pay $152.00 a month toward his costs and fines.

On August 24, 2019, Wilsoncroft was arrested for disorderly conduct and public drunkenness.[2] On August 28, 2019, Wilsoncroft pled guilty to the citations for disorderly conduct and public drunkenness. On August 26, 2019,

_____

[1] See 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 5503(a)(4), 5505.

the trial court lodged a detainer, in the instant case, based upon Wilsoncroft's recent arrest.

On September 3, 2019, the Probation Department filed a Petition to revoke Wilsoncroft's probation, alleging that Wilsoncroft had violated the technical terms of his probation and committed new crimes. In particular, the Probation Department alleged that Wilsoncroft had admitted to the use of methamphetamines; during the above-mentioned incident, Wilsoncroft had jumped into the bed of a passing truck and had to be forcibly removed by police officers; and Wilsoncroft had failed to make his regularly scheduled payment of $152.00. On September 4, 2019, Wilsoncroft waived his right to a Gagnon I[3] hearing, and the trial court ordered a pre-sentence investigation report ("PSI").

On September 18, 2019, the trial court conducted a Gagnon II hearing. During the hearing, Wilsoncroft agreed that he was in violation of his probation. At the conclusion of the hearing, the trial court found that Wilsoncroft had violated his probation, and revoked Wilsoncroft's probation. The trial court resentenced Wilsoncroft to 6 to 20 years in prison, with credit for time served, plus fines, costs, and restitution.

On October 17, 2019, Wilsoncroft filed a request to file a Post-Sentence Motion, nunc pro tunc, as well as a Post-Sentence Motion. In his Motion,

---

[3] See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

Wilsoncroft requested that the trial court reconsider his sentence, as it was excessive, manifestly unreasonable, and the punishment was too severe. Additionally, Wilsoncroft's Motion alleged that the trial court failed to state adequate reasons on the record for the sentence imposed. The trial court granted Wilsoncroft's request to file a Post-Sentence Motion, nunc pro tunc, but denied Wilsoncroft's Post-Sentence Motion.

On November 15, 2019, Wilsoncroft filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[4, 5] Attorney Wallisch subsequently filed, with this Court, an

_____

[4] Because Wilsoncroft specifically requested permission to file his Post-Sentence Motion, nunc pro tunc, and the trial court expressly granted Wilsoncroft permission to file his Motion, nunc pro tunc, his Notice of Appeal is timely. See Commonwealth v. Dreves, 839 A.2d 1122, 1128 (Pa. Super. 2003) (en banc) (stating that a post-sentence motion nunc pro tunc, filed within the first 30 days of the imposition of sentence, tolls the appeal period where the defendant specifically requested permission to file the post-sentence motion nunc pro tunc, and the trial court expressly granted permission to file the post-sentence motion nunc pro tunc).

[5] Our review of the record reveals that Attorney Wallisch failed to attach a copy of the Pa.R.A.P. 1925(b) Concise Statement to his Anders Brief. See Pa.R.A.P. 2119(d) (stating that an appellant shall attach a copy of the Pa.R.A.P. 1925(b) concise statement to the appellant brief). However, Attorney Wallisch filed the Pa.R.A.P. 1925(b) Concise Statement in accordance with the trial court's Order. Attorney Wallisch's omission is not a jurisdictional defect, and the Commonwealth has not objected to this defect; thus, we decline to dismiss Wilsoncroft's appeal on this basis. See Pa.R.A.P. 2101 (stating that "if the defects are in the brief … of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.") (emphasis added). Moreover, Attorney Wallisch has filed an Anders Brief and, as such, this Court has an independent obligation to review the entire record to ascertain whether any non-frivolous issues are present.

Application to Withdraw as Counsel, and a brief pursuant to Anders. Wilsoncroft did not file a pro se brief, nor did he retain alternate counsel for this appeal.

Before addressing Wilsoncroft's issue on appeal, we must determine whether Attorney Wallisch has complied with the dictates of Anders and its progeny in petitioning to withdraw from representation. See Commonwealth v. Mitchell, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an Anders Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to Anders, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to [the] defendant and advise him or his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

Commonwealth v. Burwell, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, our Supreme Court has explained that a proper Anders brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 5 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of Anders and Santiago, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of the Anders Brief and the Application to Withdraw confirms that Attorney Wallisch has substantially complied with each of the technical requirements of Anders and Santiago. See Commonwealth v. Wrecks, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of Anders). Attorney Wallisch indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that Attorney Wallisch has furnished a copy of the Anders Brief to Wilsoncroft, and advised Wilsoncroft of his right to retain new counsel or proceed pro se, or raise any additional points that he deems worthy of this Court's attention. Additionally, the Anders Brief substantially complies with the requirements of Santiago. As Attorney Wallisch has complied with all of the requirements for withdrawing from representation, we will examine the

record and make an independent determination of whether Wilsoncroft's appeal is, in fact, wholly frivolous.

In the Anders Brief, Attorney Wallisch presents the following issue for our review: "Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked [Wilsoncroft]'s probation and re-sentenced him to a minimum of six (6) to a maximum of twenty (20) years in a state correctional institution given the circumstances of the case[?]" Anders Brief at 4.

Wilsoncroft contends that the trial court abused its discretion in sentencing him because the sentence was manifestly excessive and unreasonable. Id. at 10-11. Wilsoncroft argues, in essence, that the trial court abused its discretion by sentencing him to a period of total confinement. Anders Brief at 9-11. Wilsoncroft asserts that the trial court should have sentenced him to a period of 30 days in the Jefferson County Prison, followed by in-patient treatment. Id. Wilsoncroft acknowledges that he pled guilty to two new criminal offenses and committed various technical violations of his probation. Id. at 10-11.

Wilsoncroft's claim challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. See Commonwealth v. Sunealitis, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. Commonwealth v. Yanoff, 690 A.2d 260, 267 (Pa. Super. 1997); see also Commonwealth v.

Tuladziecki, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentencing appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b)

> * * *

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advance[s] a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Wilsoncroft filed a timely Notice of Appeal, challenged the discretionary aspects of his sentence in a Post-Sentence Motion nunc pro tunc, and included a separate Rule 2119(f) Statement in his Brief. Additionally, Wilsoncroft's assertion that the trial court imposed a sentence following the revocation of probation that was manifestly excessive and "constituted too severe of a punishment," raises a substantial question for our review. See Anders Brief at 7; see Commonwealth v. Kelly, 33 A.3d 638, 640 (Pa. Super. 2011) (stating that "[a] claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial

question.") (citation omitted). Thus, we will consider the merits of Wilsoncroft's claim.

Our standard of review for a trial court's revocation of probation is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

Commonwealth v. Colon, 102 A.3d 1033, 1043 (Pa. Super. 2014).

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public,

the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

Commonwealth v. Pasture, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." Id. § 9771(c).

Moreover, "[i]n every case in which the court ... resentences an offender following revocation of probation, ... the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Id. § 9721(b); see also Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following a revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. See Pasture, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation

sentence need not be as elaborate as that which is required at initial sentencing.").

Here, at sentencing, the trial court stated that it had "reviewed [the PSI], considered Wilsoncroft's age, [] background, [and] prior [criminal] record." See N.T. (Gagnon II Hearing), 9/18/19, at 3-4; see also Commonwealth v. Downing, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Additionally, the trial court found that Wilsoncroft had pled guilty to two other crimes—disorderly conduct and public drunkenness—, in addition to his technical violations. See N.T. (Gagnon II Hearing), 9/18/19, at 3; see also Trial Court Opinion, 2/19/20, at 1-2 (stating that Wilsoncroft's new convictions and technical violations demonstrated that he was unwilling to reform). Our review of the record confirms that the trial court had sufficient information to make a fully-informed sentencing decision following the revocation of Wilsoncroft's probation. We conclude that the trial court did not abuse its discretion in sentencing Wilsoncroft, and Wilsoncroft's challenge to the discretionary aspects of his sentence is wholly frivolous. See Colon, supra.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or

misstated." Dempster, 187 A.3d at 272. As such, we grant Attorney Wallisch's Application to Withdraw, and affirm the judgment of sentence.

Application to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2020